UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT COOPER,

               Plaintiff,

    -against-

THE CITY OF NEW YORK, P. O. RICHARD
VARGAS [SHIELD# 29756], P.O. MICHAEL
TAGGART [SHIELD# 2110], P.O. JERMAINE
TAYLOR [SHIELD# 23344], and JOHN DOE
AND JANE DOE #1-25 (the names John and Jane
Doe being fictitious, as the true names are
presently unknown),

               Defendants.
------------------------------------------------------------X

Case No. CV 11- 4873

**COMPLAINT**

JURY DEMAND

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 6 2011 ★
BROOKLYN OFFICE

JOHNSON, J

REYES, M.J

Plaintiff, ROBERT COOPER, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Richard Vargas [Shield# 29756], P.O. Michael Taggart [Shield# 2110], P.O. Jermaine Taylor [Shield# 23344], and John Doe and Jane Doe #1-25 (collectively, "defendants"), respectfully alleges as follows:

### NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

### JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5. At all relevant times, defendants P.O. Richard Vargas [Shield# 29756], P.O. Michael Taggart [Shield# 2110], P.O. Jermaine Taylor [Shield# 23344], and John Doe and Jane Doe #1-25 (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

6. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8. Plaintiff is suing the defendant officers in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about October 31, 2010, at approximately 7:10 p.m., defendant P.O. Richard Vargas [Shield# 29756], acting in concert, arrested plaintiff without cause at the northwest corner of Mermaid Avenue and W 19th Street, Brooklyn, New York, and charged plaintiff with PL 120.20 'Reckless endangerment in the second degree', among other charges. Additionally, on

or about December 15, 2009, at approximately 10:40 p.m., defendant P.O. Michael Taggart [Shield# 2110], acting in concert, arrested plaintiff without cause at or within the vicinity of 3225 Neptune Avenue, Brooklyn, New York, and charged plaintiff with PL 220.16(1) 'Criminal possession of a controlled substance in the third degree', among other charges. Further, on or about November 16, 2009, at approximately 8:20 p.m., defendant P.O. Jermaine Taylor [Shield# 23344], acting in concert, arrested plaintiff without cause at or within the vicinity of 2937 W 33rd Street, Brooklyn, New York, and charged plaintiff with PL 140.10(A) 'Criminal trespass in the third degree', among other charges.

10. Plaintiff, however, was not in possession of any controlled substance, and did not commit any offense against the laws of New York City and/or State for which any of the arrests may be lawfully made.

11. Prior to the October 31, 2010 arrest, defendant officers forcefully slammed the plaintiff to the ground. After slamming plaintiff to the ground, defendant officers further assaulted the plaintiff by hitting, kicking and punching him.

12. That defendant officers subsequently met with prosecutors employed by the Kings County District Attorney's Office.

13. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that plaintiff engaged in conduct which created a substantial risk of serious physical injury to another person.

14. Based on the false testimony of defendant officers, a prosecution was commenced against plaintiff.

15. On or about November 1, 2010, the false charges levied against plaintiff were summarily dismissed.

16. Additionally, following the arrest of the plaintiff on December 15, 2009 and November 16, 2009, respectively, defendant officers subsequently met with aforesaid prosecutors.

17. During said meeting, defendant officers falsely stated to the prosecutors, among other things, that plaintiff was in possession of a controlled substance.

18. Eventually, after approximately six (6) months, the false charges levied against plaintiff were summarily dismissed.
19. That prior to the arrest of the plaintiff on December 15, 2009 and November 16, 2009, respectively, defendant officers subjected plaintiff to a strip naked and forced body cavity search.
20. The aforesaid strip and body cavity search was illegal because defendant officers lacked reasonable suspicion to believe that plaintiff was in possession of contraband, weapons, and/or a means of escape.
21. That at the time of the arrests described herein, defendant officers seized and/or appropriated to themselves several of plaintiff's items or personal belongings, including but not limited to plaintiff's cell phone and keys, and have refused to return aforesaid items to plaintiff.
22. As a result of the aforesaid actions by defendant officers, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation.

## FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

23. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 22 of this complaint as though fully set forth herein.
24. The conduct of defendant officers, as described herein, amounted to false arrest, excessive use of force, illegal and unreasonable search and seizure, subjection to strip naked and forced body cavity searches, fabrication of evidence, violation of right to a fair trial, violation of due process rights and malicious prosecution.
25. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.
26. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SECOND CAUSE OF ACTION: FAILURE TO TRAIN AND MUNICIPAL POLICY

27. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 26 of this complaint as though fully set forth herein.

28. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exits for such arrest.

29. Additionally, defendant City of New York, acting through Charles J. Hynes and the Office of the District Attorney of the County of Kings, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, commencement of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

30. Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting and maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were trespassing and/or were involved in narcotics and/or drug transactions.

31. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts, and from a January 2006

statement by Deputy Commissioner Paul J. Browne that police commanders are permitted to set "productivity goals" (i.e., arrest quotas). *See Colon v. City of New York*, 2009 U.S. Dist. LEXIS 110520 (E.D.N.Y. Nov. 25, 2009) (Weinstein, J.). *See also* the following cases filed in this district: *Geneeza Walls v. City of New York*, 10 CV 5769; *Javier Jones v. City of New York* (10 CV 3719); *Euday Bowman v. City of New York* (10 CV 3419); *Edward Ogunmoyin v. City of New York* (10 CV 1060); *John McLean v. City of New York* (10 CV 631).

32. That the issue of arrest quotas has been recently decided and/or it has been conclusively determined that officers of the New York Police Department are permitted, as a policy and/or practice, to use quotas to make arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

33. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

34. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from malicious and selective prosecution, abuse of process, the excessive use of force and the right to due process.

35. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION: 42 U.S.C. § 1985

36. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 35 of this complaint as though fully set forth herein.

37. In an effort to find fault to use against the plaintiff, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth and Fourteenth Amendments to United States Constitution, because of his race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

38. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiff of his constitutional and federal rights in violation of 42 U.S.C. § 1985.

39. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

### FOURTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

40. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 39 of this complaint as though fully set forth herein.

41. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

42. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured

by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

43. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

44. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

## FIFTH CAUSE OF ACTION: ASSAULT AND BATTERY

45. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 44 of this complaint as though fully set forth herein.

46. The conduct of defendant officers, as described herein, amounted to assault and battery.

47. By reason of and as a consequence of the assault, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation.

48. Upon information and belief, defendant City of New York had sufficiently specific knowledge or notice of defendant officers' propensity for acts complained of herein and that their acts could reasonably have been anticipated. However, defendant City of New York failed to take any appropriate actions to assure plaintiff's safety and security and failed to protect and/or safeguard plaintiff's interests.

49. That defendant City of New York's failure to assure plaintiff's safety and security was a proximate cause of plaintiff's injuries.

## SIXTH CAUSE OF ACTION: NEGLIGENT & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 49 of this complaint as though fully set forth herein.

51. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

52. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the assault, strip search, detention and imprisonment by defendants.

53. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SEVENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES

54. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 53 of this complaint as though fully set forth herein.

55. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

56. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

57. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

58. Upon information and belief, defendant City of New York's negligence in hiring and retaining the defendants proximately caused plaintiff's injuries.
59. Upon information and belief, because of defendant City of New York's negligent hiring and retention of defendant officers, plaintiff incurred and sustained significant and lasting injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a. For compensatory damages against all defendants in an amount to be proven at trial;

    b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d. For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
October 6, 2011

UGO UZOH, P.C.

By: Ugochukwu Uzoh (UU-9076)
Attorney for the Plaintiff
304 Livingston Street, Suite 2R
Brooklyn, NY 11217
(718) 874-6045